GENERAL COURT, OCTOBER TERM, 1800.

### Bullen's Adm'r. *vs.* Ridgely's Ex'r.

*Oct. 1800*

*Bullen vs. Ridgely*

*The act of limitations need not be pleaded to each distinct count in a declaration containing several counts upon several distinct causes of action*

ASSUMPSIT. The declaration contained sundry counts for the value of a *horse* delivered by the plaintiff's intestate to the defendant's testator, which he promised to return, and which he did not, &c.

The defendant pleaded *non assumpsit, non assumpsit infra tres annos,* and *actio non accrevit infra tres annos.* The plaintiff *demurred specially* to the 2d and 3d pleas; and in the demurrer to the 2d plea, assigned for causes the following: "Because, in some counts in the declaration, to wit, the 1st and 2d, the cause of action does not accrue on the promise and assumpsit of the testator, but on matter subsequent; therefore the said plea, going to the whole declaration, is immaterial and vicious, as to the counts aforesaid; and that the said plea is incertain and wants form."

The causes assigned in the demurrer to the 3d plea are as follow: "That the said plea is incertain in this, that the declaration consists of many counts, and of many distinct causes of action, and the said plea is pleaded to the *cause of action in the declaration,* without naming and specifying to which cause of action the said plea is to apply; and wants form," &c.

*Shaaff,* for the plaintiff, contended, that the causes of action accrued subsequent to the promises, and that *actio non accrevit* was the proper plea, and should go to each distinct count; if not, upon a special demurrer, the plea is bad. He produced a number of forms from the books to shew, that where there were several counts, the plea was to each distinct count, or the *several causes of action in the declaration.*

*Ridgely* and *Hollingsworth,* for the defendant.

THE GENERAL COURT overruled the demurrers, and gave judgment for the defendant.