CRAIN *vs.* YATES.—June, 1828.

From the earliest period to this time, tobacco has been considered in our
judicial proceedings as current money, and actions of debt on bonds for
the payment of it, have been constantly brought in the *debet and detinet,*
without averring its value in the current coin of the state.

It has been the practice in actions of debt, to join tobacco and money counts,
and the invariable course to render judgments in debt for tobacco, and
costs in current money, or for costs in tobacco at a fixed and established
value in current money.

In an action of debt, the plaintiff having declared on two obligations, one
for the payment of tobacco at a given day, the other of money on de-
mand, the defendant craved oyer "of *the* writing obligatory aforesaid,"
and of the writ, (a blank for the insertion of which was left,) and then
pleaded the statute of limitations in two distinct pleas, neither of which
referred expressly to either obligation, and in both of which, the date of
issuing the writ was omitted. On a joinder on a special demurrer by the
defendant, assigning the above as a cause of demurrer, the court held the
pleas faulty in not ascertaining the time of the commencement of the ac-
tion, nor discriminating between the obligations, to one of which limita-
tions was no bar.

When a plea is only intended for a part of the declaration, the rule is, it
must not cover the whole, but ascertain the part to which it is applied,
or the plaintiff may demur.

Under a rule to plead issuably, such uncertain pleas would be deemed no
plea, and the plaintiff might take judgment as for want of a plea.

APPEAL from *Charles* County Court. The plaintiff below,
(now appellee,) on the 15th of October 1821, brought an ac-
tion of debt in the *debet and detinet*, against the defendant be-
low, (the appellant,) upon two writings obligatory—one dated
the 23d of July 1802, for 992 lbs. of first quality tobacco, pay-

able on the 1st of January 1803, with legal interest thereon, and the other dated the 15th of October 1814, for $153 23, payable on demand. The damages were laid in tobacco, and current money. The defendant pleaded three pleas—1. After craving oyer of the *writing obligatory aforesaid* and of the *writ*, (a blank for which was left for their being inserted,) he pleaded that the plaintiff ought not to have or maintain his action, "because he saith that the original writ in this cause was issued on the —— day of ——, in the year of our Lord one thousand eight hundred and ——, and not before, and that the debt or thing in action, in virtue of the said writing obligatory in the declaration aforesaid mentioned, became due and payable on the first day of January in the year eighteen hundred and three, and that twelve years and more have elapsed and expired from the day when the said debt or thing in action, in virtue of the said writing obligatory, became due and payable; and that the debt or thing in action, in virtue of the said writing obligatory, had been above twelve years standing before the day of the issuing of the original writ in this cause; that is to say, at *Charles* county aforesaid; and this the said *Robert Crain* is ready to verify, and so forth. Wherefore he prays judgment of the said *Henry Smith Yates*, his action aforesaid against him the said *Robert Crain* to have or maintain ought, &c."

2. That the plaintiff his action aforesaid against him to have or maintain ought not, "because he saith, that by a certain act of the general assembly of the (then province, now) state of *Maryland*, passed at a session of assembly begun and held at the city of *Annapolis* the twenty-sixth day of April, in the year of our Lord one thousand seven hundred and fifteen, entitled, 'An act for limitation of certain actions for avoiding suits at law,' it was, amongst other things enacted, 'that no bill, bond, judgment, recognizance, statute merchant, or of the staple, or other specialty whatsoever, except such as shall be taken in the name or for the use of our sovereign lord the king, his heirs and successors, shall be good and pleadable, or admitted in evidence against any person or persons of this province, after the principal debtor and creditor have been both dead twelve years, or the debt or thing in action above twelve years standing,' as by the same act ever since and still in force more fully appears.

And the said *Robert Crain* further saith, that the debt or thing in action in the said writing obligatory mentioned, was above twelve years standing at the time of the impetration of the original writ in this cause; and this he is ready to verify, &c."

3. Plea of payment. The plaintiff demurred specially to the *first* and *second* pleas, and assigned for causes of demurrer, 1. That there are two writings in the declaration mentioned, and the defendant craving oyer thereof, says "he prays an hearing of the writing obligatory aforesaid," without saying of which writing obligatory. 2. That the said plea has many blanks therein, omitting days, months and years. 3. That the said *first* plea states, that in the said writing obligatory in the declaration mentioned, without stating which of the two writings obligatory in the said declaration mentioned. The plaintiff replied *non-payment* to the *third* plea, and issue was joined. The defendant joined in demurrer to the *first* and *second* pleas. The County Court ruled the demurrer good. Verdict for the plaintiff, and the jury found the debt due upon the writings obligatory to be 2758 lbs. of crop tobacco, and $85 91. Judgment rendered thereon for the damages laid in the declaration, to be released on payment of the tobacco and money found to be due by the jury, with interest until paid, and costs. The defendant appealed to this Court.

The cause was argued at June term 1827, before BUCHANAN, Ch. J. and EARLE, and MARTIN, J.

*R. Johnson*, for the Appellant. 1. There is a misjoinder of causes of action—one for tobacco, and the other for money, and the damages in the declaration are laid in both tobacco and money; there cannot be the same judgment for tobacco and for money. He referred to 1 *Chitty's Plead.* 643. *Lyles v Lyles*, 6 *Harr. & Johns.* 273. *Skirwan v Willis*, 4 *Harr. & M'Hen.* 483. The acts of 1812, *ch.* 135, *s.* 3, and Nov. 1781, *ch.* 16. 5 *Bac. Ab.* tit. *Pleas & Pleadings*, (B 3) 330. *Brown v Dickson*, 1 *T. R.* 276.

2. As to the demurrer. The *first* plea prays a hearing of the writing obligatory aforesaid; and it is clear that it meant the bond for tobacco which was payable in January 1803; and it is certain to a common intent. 5 *Bac. Ab.* tit. *Pleas & Plead-*

*ings.* Where there is a special demurrer the party must rely on the reasons assigned. Here the *second* reason assigned does not specify which of the pleas has blanks. The pleas of the act of limitations do not apply to the bond for money, and they went to only one of the causes of action, which was the tobacco debt. The demurrer, therefore, should not have been ruled good as to both causes of action. *Duppa v Mayo,* 1 *Saund.* 286, *(and note 9.)* *Pinkney v Inhabitants of East Hundred,* 3 *Saund.* 379. If the plea could be made to apply to a particular count in the declaration, then it is admitted to be correct. *Hughes v Sellers,* 5 *Harr. & Johns.* 432.

*C. Dorsey,* for the Appellee. 1. The act of 1812, *ch.* 135, was passed solely for the purpose of regulating the current coin of the state. After the act of Nov. 1781, *ch.* 16, and since the act of 1812, *ch.* 135, the constant practice has been to render judgments in tobacco for tobacco debts. There can be no misjoinder of causes of action for tobacco and money. The judgment is the same for tobacco as it is for money. Where the judgment is for tobacco, the execution issued thereon is to make the amount in tobacco; and in counties where tobacco is cultivated, tobacco notes pass in the same manner as bank notes or specie, and most of the contracts made there are for the payment of tobacco. We may as well sue for tobacco as for sterling money, or for *Virginia* currency, or the currency of any other of the states. *Purviance v Neave,* 4 *Harr. & M'Hen.* 199.

2. The *first* and *second* pleas profess to be a bar to the whole action. The defendant craved oyer of but one cause of action, and he did not specify of which, there being two. Where the same plea may be pleaded, and the same judgment given, and where not, he referred to 1 *Chitty's Plead.* 197. *Coryton v Lythebye,* 2 *Saund.* 117, b. *(note 2.)*

*Curia adv. vult.*

EARLE, J. at the present term, delivered the opinion of the Court. Our attention was called on the argument to the declaration in this cause as containing the first defect in the pleadings, which should have been noticed in deciding the demurrer

disposed of by *Charles* county court. It was asserted that the two counts therein could not be joined in the same action, one being on a single bill for tobacco, and the other on a like bond for current money. This subject we have considered, and we are of opinion, that the objection to the declaration is unsus-tained. From the earliest period to this time, tobacco has been considered in our judicial proceedings as current money, and actions of debt on bonds for the payment of it, have been con-stantly brought in the *debet and detinet*, and without averring its value in the current coin of the state. This being the case, there is no doubt that money and tobacco debts may be sued for in the same action. If the question is tried by the com-mon rule, which we do not mention as a fixed and unerring standard, "that two counts may be joined where the same judg-ment is upon both," these counts may be well united in this declaration. They are of the same nature, both being for debts, although in a different currency, and the judgment for them is so far the same, that it may be executed by one and the same final process, whether it issue against the person or property of the defendant. It has, besides, for many years, been the prac-tice in actions of debt, to join tobacco and money counts, as a recurrence to the records of our courts will fully evince. The case of *Gordon & others against Wilson*, in 1788, and *Gor-don & others against Pye*, in 1789, in the late General Court, are instances of this kind, and many others, it is believed, might be easily adduced. And it has been, moreover, the in-variable course, to render judgments in debt for tobacco, and for costs in current money, or for costs in tobacco at a fixed and established value in current money.

The two first pleas to this declaration were rightly decided on, we think, by *Charles* county court. They are pleas of limi-tation, designed to bar the action as to one of the obligations sued upon, but it is not sufficiently certain to which of them the pleas apply. They are introduced with a prayer of oyer of the writing obligatory aforesaid, without discriminating be-tween them; and although in the first there is something like a designation of the tobacco bond, it is in other respects entirely faulty, in not ascertaining the time of the commencement of the action. When a plea is only intended for a part of the de-

claration, the rule is, it must not cover the whole, but must ascertain the part to which it is applied, or the plaintiff may demur. Under a rule to plead issuably, such uncertain pleas would be deemed no pleas, and the plaintiff might take judgment for want of plea. *Macdonnald v Macdonnald, 3 Bos. & Pull.* 174.

JUDGMENT AFFIRMED.