## JAMES W. WILEY *vs.* REBECCA J. HEAPS ET AL.

### *Sufficiency of Plea of Limitations.*

When a declaration contains several counts in assumpsit, a plea of limitations that " the alleged *cause* of action did not accrue within three years," etc., is sufficient, and will be taken to apply to the whole declaration. It is not necessary to plead the statute to each count or to set forth that the alleged *causes* of action did not accrue within three years.

Appeal from the Circuit Court for Harford County.

The cause was submitted to the Court on the briefs by:

*J. J. Archer* and *John S. Young,* for the appellant.

*Otho S. Lee* and *Stevenson A. Williams,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The declaration in this case contained only the common counts in assumpsit and was accompanied by no account or other voucher showing the particulars of the plaintiff's claim. To this declaration the appellee, who was defendant in the Court below, filed, along with other pleas, one of limitations, which was in the following form : " That the alleged cause of action did not accrue within three years before the insti-tution of this suit." The appellant demurred to the plea of limitations and replied to the other pleas. The Court over-ruled the demurrer and asked the appellant if he wished to reply to the plea of limitations and the appellant answering that he did not, judgment was entered against him for want of a replication to the plea of limitations.

The appellant contends that the plea does not answer the entire declaration, which contains several counts, and that it is too indefinite and uncertain to apply to any particular count. It is an admitted principle of pleading that when a plea is intended for part only of a declaration it must show

to what part it applies, and that when it is intended to go to the entire action it must answer the whole declaration.   As the plea in the present case contains nothing to indicate that it was intended for only part of the action, the question to be determined is whether it responds to the entire declaration.

The plea of limitations is not a meritorious one and the Courts act with care and strictness in its reception, requiring it to be filed within the rule-day and not permitting it to be amended, but, when it has been filed in due time it is construed upon the same principles as other pleas are with reference to its sufficiency and if it be sufficient in substance it will not be rejected for mere matter of form.

The supposed defect in the plea now under consideration is that it describes the ground of the action as "the alleged cause of action" when it is contended that, as there are several counts in the declaration, it should have alleged that the supposed " causes of action did not nor did any of them accrue," &c., &c.   We do not regard this objection as a substantial one.   In the forms of pleas to actions on simple contract found in Sec. 23 of Article 75 of the Code, the plea of limitations appears in almost the identical words used in the plea in the case at bar, and in the other forms of pleas there found the ground of the action is described as "the plaintiff's claim," "the alleged claim," "the alleged claims" and "the cause of action." These different expressions are used synonymously in the Code and the word descriptive of the plaintiff's cause of action appears, with one exception, in the singular number.

In the case of *Bullen's Admr.* v. *Ridgely*, 1 H. & J. 104, there were, as in the present case, a number of counts in the declaration, some of which set up the promise and assumpsit of the testator and others set up matter subsequent, and the defendant filed a plea of limitations to the whole declaration.   The plaintiff demurred and assigned as cause of demurrer that the plea was to the cause of action in the declaration, without naming and specifying to which cause

of action it was intended to apply. The demurrer was over-
ruled. No opinion was filed in the case, but the precise
objection taken to the plea in the case now under considera-
tion appears by the record to have been assigned as cause
of demurrer in that case, and must have been passed upon
by the Court and the case is relied on in *Evan's Practice*, p.
183, and in *Poe's Pleading*, sec. 619, as supporting the
proposition that the Statute of Limitations need not be
pleaded to each count in a declaration containing several
counts. In *Wallace* v. *Shaub*, 81 Md. 519, the declaration
contained the six common money counts and two other
counts setting up special services by the plaintiff. The de-
fendant filed one plea of limitations, asserting that " the
alleged cause of action " did not accrue, &c. The Court
below refused a motion to strike out this plea and this Court
affirmed the ruling. It is true that objection does not ap-
pear to have been made to the form of the plea in that case,
but its form passed unchallenged in both Courts. In *Crain*
v. *Yates*, 2 H. & G. 336, which was relied on by the ap-
pellant in support of his objection to the plea in the present
case, the declaration was in debt upon two distinct written
obligations, one of which was payable in money and the
other in tobacco and each of which was declared on in a
separate count. The defendant set up by one plea that "the
said writing obligatory," without saying which one, was
above twelve years' standing at the institution of the suit, and
by another plea that " the said writing obligatory," without
specifying which one, was above twelve years' standing.
Upon demurrer these pleas were held bad for various
reasons, one of which was that they were designed to bar
the action as to one of the obligations sued upon, but it was
not sufficiently certain to which of them the pleas applied.
Neither of the pleas in that case, in describing the ground
of the suit, used any such general words as " the alleged
cause of action," or " the alleged claim," or any expres-
sions indicating that they were intended to apply to the en-
tire declaration, and the case was decided long prior to the

adoption of the Code, which greatly simplified the forms of pleading.

We think the plea of limitations in the case at bar was a good plea to the whole declaration and the learned Judge below properly overruled the demurrer. As an opportunity to reply to the plea was offered to the appellant, when the demurrer was overruled, and he declined to do so, we see no reason why the case should be remanded under Sec. 20 of Article 5 of the Code.

The judgment will be affirmed with costs.

*Judgment affirmed.*

(Decided March 14th, 1899).